UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:22-cv-00192-JLS-DFM | Date: March 06, 2023 |
| Title:  John Evans Arek v. Target Card Services | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DISMISSING CASE FOR LACK OF PROSECUTION**

On February 7, 2022, Plaintiff John Evans Arek commenced the instant action by filing a *pro se* Complaint against Defendant Target Card Services ("TCS").  (Compl., Doc. 1.)

On April 26, 2022, Plaintiff filed a Proof of Service purporting to show that Plaintiff had served the summon and complaint in this action on TCS.  (Doc. 14.)  On June 3, 2022, the Court issued an Order to Show Cause re: Dismissal for Lack of Prosecution ("OSC).  (Doc. 15.)  On June 13, 2022, Plaintiff responded to the OSC and filed a Request for Default Judgment.  (Docs. 16, 17.)

On June 30, 2022, the Clerk issued a Notice of Deficiency informing Plaintiff that his Request for Default Judgment could not be entered because: (1) there was no Entry of Default on file; (2) Plaintiff had not filed a declaration as required under Rule 55(b); and (3) the putative Proof of Service filed on April 26, 2022 was illegible.  (Doc. 18.)

On July 12, 2022, Plaintiff filed an Application for Entry of Default Judgment and Supporting Affidavit ("Application") together with a Proposed Judgment.  (Doc. 19.)  On August 11, 2022, the Clerk issued another Notice of Deficiency, informing Plaintiff that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00192-JLS-DFM	Date: March 06, 2023
Title:  John Evans Arek v. Target Card Services

his Application could not be granted because his purported Proof of Service was illegible. (Doc. 23.)  On November 14, 2022, Plaintiff filed another Proof of Service stating that Plaintiff's "Default Judgment Motion, Affidavit, [and] Proposed Order" had been mailed. (Doc. 24 at 3.)

On November 21, 2022, the Court issued an Order Denying Plaintiff's Application for Entry of Default.  (Doc. 25.)  There, the Court explained that default was inappropriate because "there is no indication on the docket for this case that Plaintiff ever effected adequate service of process upon Defendant."  (*Id.*)  The Court also directed Plaintiff to seek assistance with Public Counsel's Federal Pro Se Clinic and provided contact information for the Clinic.  (*Id.*)

On December 23, 2022, Plaintiff filed a Motion for Reconsideration of the Court's November 21, 2022 Order.  (Doc. 28)  On February 1, 2023 Court denied Plaintiff's Motion for Reconsideration both because it was untimely and because it failed to show that Plaintiff had effected service of process on TCS.  (Doc 29.)  The Court ordered Plaintiff to file adequate proof of service within 21 days and stated that failure to comply would result in dismissal without prejudice of the action without further notice.  (*Id.*)

On February 20, 2023, Plaintiff filed another document titled "Proof of Service." (Doc. 30.)  There, Plaintiff averred that he "served the document of motion of reconsideration and another copy of the earlier motion of default judgment to the defendant through its agent . . . by US Postal service mail [sic]."  (*Id.*)  That document did not mention service of the summons and Complaint.

Under Federal Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Here, Plaintiff filed his Complaint on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00192-JLS-DFM                                      Date: March 06, 2023
Title:  John Evans Arek v. Target Card Services

February 7, 2022—over a year ago.  To date, Plaintiff has not filed with the Court adequate proof that he ever served the Complaint and summons on TCS or its representative.  The Court has given Plaintiff several opportunities to demonstrate that the complaint and summons were properly served, to no avail.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which requires service of the summons and complaint within 90 days unless good cause is shown, and pursuant to Rule 1, which requires that the Federal Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint, and orders the action to be administratively closed.

                                                                Initials of Deputy Clerk: vrv